UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS RAMIREZ,<br><br>　　　　　Plaintiff,<br>v.<br>R. JAMES NICHOLSON in his official capacity as SECRETARY OF VETERANS AFFAIRS,<br><br>　　　　　Defendants. | Civil No. 06cv0546-JM (NLS)<br><br>**ORDER RE: PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY RESPONSES**<br><br>[Doc. No. 26] |

Before the Court is Plaintiff Carlos Ramirez's Motion to Compel further discovery responses from Defendant R. James Nicholson, Secretary of Veteran Affairs [Doc. No. 26]. Defendant opposes the motion [Doc. No. 31]. For the following reasons, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

### BACKGROUND

On March 14, 2006, Plaintiff Carlos Ramirez ("Plaintiff") filed suit against Defendant R. James Nicholson, in his official capacity as the Secretary of Veteran Affairs ("Defendant") alleging three causes of action: (1) employment discrimination and/or harassment based on age pursuant to the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*.; (2) employment discrimination based on race and/or national origin in violation of 42 U.S.C. § 2000e-16a; and (3) unjustified demotion pursuant to the Civil Services Act. (*Complaint* ¶¶ 18-31.) Plaintiff has worked for the Department of Veteran Affairs ("VA") since 1987, where he entered at a GS-3 grade level as a file

1  clerk.  (*Id*. ¶ 6.)  Over the years, the Department promoted Plaintiff to the GS-13 grade level as a
2  Supervisory Veterans Services Representative and team leader.  (*Id*. ¶ 7.)  Plaintiff, a Filipino, alleges
3  that the VA demoted him several grade levels in pay and position following his announcement to his
4  supervisor that he was having a romantic relationship with a Caucasian woman under his supervision.
5  He also claims he was discriminated against on account of his age.  Plaintiff was 72 years old at the
6  outset of this litigation.  (*Id*. ¶¶ 8-15.)

7  The parties have been engaged in discovery since September 2006.  The Court granted several
8  extensions of the discovery period subsequent to the parties' requests, and the discovery deadline was
9  August 2, 2007.  (*See Court's Orders Dated 10/27/06, 12/29/06, 2/27/07 & 7/20/07*, Doc. Nos. 11, 12,
10  14 & 18.)  In mid-June 2007, Plaintiff served his First Set of Interrogatories, his Second Set of Requests
11  for Production, and his Third Set of Requests for Production on Defendant.  (*Plaintiff's Motion to*
12  *Compel*, Exs. 1,2, & 4.)  Plaintiff claims that Defendant responded to these discovery requests two
13  weeks late and that the responses consisted primarily of objections.  (*Id*. at 1-2.)  Citing the untimeliness
14  of the responses, Plaintiff further alleges that Defendant waived the right to make objections to the
15  discovery requests.  (*Id*. at 4-5.)  In addition to these procedural issues, Plaintiff raises specific
16  arguments regarding the alleged inadequacy of Defendant's responses to Interrogatories 1 and 5-8, as
17  well as Requests for Production Nos. 5 and 10.  Plaintiff also requests that sanctions be assessed against
18  Defendant pursuant to Rule 37.  (*Id*. at 8.)

19  Defendant opposes Plaintiff's motion, and argues that the discovery responses provided to
20  Plaintiff on August 3, 2007 were untimely only by one day due to Defense counsel's inadvertent mistake
21  and were substantively adequate in all respects.  Defendant also argues that Plaintiff should be barred
22  from challenging the responses provided to Interrogatories 1, 5, and 8 because the parties resolved the
23  dispute over these three discovery requests during the in-person meet and confer of counsel on August
24  29, 2007.  (*Defendant's Opposition*, 5.)  Defendant contends that Plaintiff seeks irrelevant information
25  in Interrogatories 6 and 7, and that the responses provided to Requests for Production Nos. 5 and 10 are
26  adequate and do not require supplementation.  (*Id*. at 5, 9.)  Plaintiff filed a Reply brief, once again
27  arguing that Defendant's responses were untimely and that supplemental responses should be provided
28

to the interrogatories and requests for production that remain in dispute.[1]  (*See* Doc. No. 35.)

## DISCUSSION

The Federal Rules allow for broad discovery in civil actions: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  This provision is liberally construed to provide wide-ranging discovery of information necessary for parties to evaluate and resolve their dispute.  *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1995).  The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).  *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995).  In turn, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections.  *DirectTV, Inc. V. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002); *Oakes*, 179 F.R.D. at 283.  Evasive or incomplete responses to a discovery request are deemed a failure to respond.  Fed. R. Civ. P. 37(a)(3).

**1.     Interrogatories**

Under Federal Rule of Civil Procedure 33, a party may propound interrogatories which require the answering party to "furnish such information as is available to the party" after conducting a reasonable inquiry.  *See* FED. R. CIV. P. 33(a).  Each interrogatory must be answered separately and under oath.  FED. R. CIV. P. 33(b).  Plaintiff seeks an order compelling full and complete responses to Interrogatories 1 and 5-8.

In Interrogatories 1, 5, and 8, Plaintiff requests information concerning the reasons why supervisors criticized him and considered his work product below standard.[2]  Defendant objects to these

---

[1] In the interest of determining Plaintiff's motion on its merits, the Court shall not make a finding regarding the alleged untimeliness of Defendant's responses.  However, the Court advises counsel that no stipulation is binding on this Court in the absence of the Court's approval.  *See* Civ. L.R. 7.2.

[2] Interrogatory No. 1 states:

"Describe, in full and complete detail, each and every reason why you believe that EACH weekly report submitted by Plaintiff, as the term "weekly report" is referred to in Plaintiff's Response to your first set of Interrogatories to Plaintiff, was below the standards mandate by the [sic] Mr. Ramirez's job description."

interrogatories as being vague, ambiguous, and/or over burdensome. (*See Plaintiff's Motion*, Ex. 5 at p.2-4.) Without waiving the objections, Defendant provided substantive answers to Interrogatories 1 and 5, in both instances citing specific documents, including personnel files kept by Plaintiff's direct supervisor during the time period in question, that detail the reasons his work was considered sub-standard. (*Id.*) With respect to Interrogatory 8, Defendant responded that Plaintiff was told his work was unacceptable because it was in fact unacceptable. (*Id.* at 4.) Plaintiff argues that these responses were inadequate and meaningless and that "Plaintiff is entitled to know what it is Defendant is claiming that he did wrong." (*Plaintiff's Motion*, 5.)

Counsel for the parties met and conferred regarding these three interrogatories, as well as the other discovery requests currently disputed in Plaintiff's motion. (*Id.*) As a result of the meet and confer session, Defendant provided further responses to the interrogatories, confirming that any responsive information to Interrogatories 1, 5, and 8 is contained in the personnel file kept by Barbara Myers, Plaintiff's direct supervisor during the period in question, and in Ms. Myers' testimony in relation to the documents contained in that file. (*Plaintiff's Motion*, Ex. 14.) Prior to filing the instant motion, Plaintiff sought by letter to clarify whether Defendant meant to refer to Ms. Myers' previous deposition testimony or testimony anticipated at trial. (*Id.*, Ex. 15; *Plaintiff's Reply*, 4.)

In opposition, Defendant argues that counsel for the parties resolved the dispute over these three interrogatories at their meet and confer, and therefore Plaintiff should be barred from once again disputing Defendant's responses to the interrogatories in the instant motion. (*Defendant's Opposition*, 5.) Defendant claims that to do otherwise would "eviscerate" this Court's local rules regarding meet and confer procedures. (*Id.*) The applicable Local Civil Rule is Rule 16.5(k), which states in pertinent part "(c)ounsel shall 'meet and confer' prior to filing any discovery motion and shall seek to resolve the matter informally." The parties in this case met this requirement by meeting in person prior to Plaintiff

---

Interrogatory No. 5 states:

"Identify, in full and complete detail, each and every computational error found to have existed on the weekly Triage reports submitted by Plaintiff."

Interrogatory No. 8 states:

"State in full and complete detail each and every reason why on July 30, 2003, Plaintiff was told that his Systems Analysis Plan was unacceptable."

1  filing his motion to compel.  Accordingly, the applicable local rules were followed and Plaintiff is not
2  now "barred" from raising these issues in his motion to compel.
3        The Court finds that Defendant's responses to these three interrogatories are generally adequate.
4  Defendant has confirmed that any information responsive to Interrogatories 1, 5, and 8 can be found in
5  the personnel file kept by Barbara Myers, the entire contents of which Defendant disclosed to Plaintiff
6  during the initial disclosures period in this litigation - almost a year ago. (*Plaintiff's Motion*, Ex. 5 at
7  p.2.)  Defendant stated in supplemental responses that any additional information responsive to these
8  three interrogatories is contained in the testimony of Barbara Myers as it pertains directly to the
9  administrative documentation of Plaintiff's alleged performance deficiencies. (*Plaintiff's Motion*, Ex.
10 14.)  Plaintiff argues that Defendant should be required to specify whether the phrase "Ms. Myers'
11 testimony in relation to these documents" specifically refers to her prior deposition testimony or whether
12 Defendant is referring to future testimony to be given by Ms. Myers at trial.  The Court finds that it
13 would not burden Defendant to clarify this one point.
14       Accordingly, Plaintiff's motion is **GRANTED IN PART** and **IT IS ORDERED** that
15 ***no later than October 31, 2007***, Defendant shall provide Plaintiff with further responses to Interrogatory
16 Nos. 1, 5, and 8 *only in so far as Defendant shall specify whether the phrase "Ms. Myers' testimony in*
17 *relation to these documents" specifically refers to her prior deposition testimony or to future testimony*
18 *to be given by Ms. Myers at the trial of this matter*.  To the extent that Defendant withholds this
19 information based on the attorney-client privilege or the work product doctrine, Plaintiff must be
20 provided with a privilege log.
21       In Interrogatories 6 and 7, Plaintiff seeks information concerning personnel changes under the
22 supervision of Mark Daniels, the individual at the VA who proposed Plaintiff's demotion, while Mr.
23 Daniels was employed in a supervisory capacity at a VA office in Albuquerque, New Mexico.[3]

---

25     [3] Interrogatory No. 6 states:
26 "Identify by job title, age and race,
27     a. all persons who worked under Mark Daniels' supervision at the time he first arrived at the DVA offices in Albuquerque, N.M., and
28     b. all persons who worked under Mark Daniels' supervision at the time he last worked at the DVA offices

Defendant objects to these two interrogatories as irrelevant. Specifically, Defendant stated in response that:

> "All of the events giving rise to Plaintiff's claims in this matter occurred at the Veterans Affairs Regional Office in San Diego ("VARO-San Diego"). This is not a disparate impact nor pattern-and-practice case; rather, the lawsuit involves solely Plaintiff. Moreover, Mark Daniel worked at the Department of Veterans Affairs' Albuquerque, New Mexico office from 1999 until September 2001. According to Plaintiff, he began to experience performance and/or conduct issues almost two years later."

(*Plaintiff's Motion*, Ex. 5 at p.3-4.) Plaintiff argues that this response is inadequate, and that the information is relevant to the instant litigation. (*Plaintiff's Motion*, 6.) Plaintiff points to the deposition testimony of Linda Klamm, in which Ms. Klamm testified that upon his arrival in the San Diego VA office, Mr. Daniels made statements regarding his removal of older workers from their positions while he acted in a supervisory capacity in Albuquerque. (*Id.*, Ex. 16 at p.25.) Plaintiff argues that Ms. Klamm's deposition testimony establishes the relevance of the information sought in Interrogatories 6 and 7, and that Plaintiff seeks data regarding Mr. Daniels' personnel actions against older employees in Albuquerque for the purpose of establishing a general discriminatory motive. (*Id.* at 6.)

In opposition, Defendant emphasizes the distinction between "disparate impact" and "disparate treatment" theories, insisting that Plaintiff has asserted only the latter. A "disparate treatment" claim is an individual complaint of discrimination, whereas a "disparate impact" claim implies victimization due to discriminatory policies. Here, Defendant argues that Plaintiff's complaint appears to advance individual acts of discrimination committed solely against him as an individual, and that Plaintiff's complaint advances no theory of liability based on Defendant engaging in a pattern or practice of discrimination. As such, Defendant contends that the information sought in Interrogatories 6 and 7 is irrelevant to this litigation. (*Defendant's Opposition*, 5-9.) In addition to seeking irrelevant information, Defendant argues that Plaintiff's requests are overly broad because they seek data

---

in Albuquerque, N.M."

Interrogatory No. 7 states:

"Identify each person who was demoted, terminated, resigned or reassigned at the Albuquerque, N.M. DVA regional office while under Mark Daniels' chain of command by the persons age, race, and job title; identify the nature of each change in status (i.e. demotion, termination, etc.), and in connection with reassignments state whether the change was voluntary or involuntary."

regarding terminations and resignations of personnel in all positions in the Albuquerque VA office while under Mr. Daniels' supervision. Defendant points out that Plaintiff is not similarly situated. He has not been terminated nor has he resigned, but was simply demoted. (*Id*. at 9.) Defendant claims that the overly broad request further contributes to the irrelevance of the information sought. (*Id*.)

The Court finds that the information sought in Interrogatories 6 and 7 is largely irrelevant to the instant litigation and certainly outweighed by the burden of its production. Moreover, the interrogatories are plainly overly broad. Accordingly, Plaintiff's motion is **DENIED IN PART** and Defendant shall not be required to provide supplemental responses to Interrogatories 6 and 7.

### 2. Requests for Production

Under Federal Rule of Civil Procedure 34, a party may request production of documents relevant to the litigation that are in the opposing party's possession, custody or control. FED. R. CIV. P. 34(a). In this case, Plaintiff seeks further responses to Requests for Production ("RFP") Nos. 5 and 10. RFP No. 5 asked Defendant to produce all documents prepared or created by Plaintiff claimed to be substandard and/or below the standards of quality mandated by Plaintiff's job position. (*Plaintiff's Motion*, Ex. 2.) In response to this request, Defendant stated that any such documents in existence would be contained in Barbara Myers' supervisory file and/or the EEO or MPSB administrative files, copies of which were provided to Plaintiff as part of Defendant's initial disclosures in October 2006. (*Plaintiff's Motion*, Ex. 6 at p.4.)

Plaintiff argues that Defendant's response to RFP No. 5 is inadequate and should be supplemented to identify specifically which documents contained in the three referenced files are responsive to the request. (*Id*. at 7.) Plaintiff states that he "has no idea" which of the documents contained in the 1,616 pages of files were considered sub-standard work product. (*Id*) In opposition, Defendant argues that Plaintiff received numerous written reports from his supervisor(s) identifying and chronicling the sub-standard nature of his work product. As such, Defendant contends that the RFP has been answered satisfactorily through the identification of the files previously produced to Plaintiff that contain copies of his work product and of the written reports. Defendant points out that Plaintiff is familiar with all of these documents, having either produced them himself or having received them previously during the course of his employment, and therefore it should pose no difficulty for Plaintiff to

review the contents of the three administrative files and locate the documents which he produced that were later identified by written report as sub-standard. (*Defendant's Opposition*, 9-10.) The Court agrees. Plaintiff should be intimately familiar with the contents of the specified personnel files, and should have knowledge of which documents comprise his own work product, and which documents the written reports identify as sub-standard. Plaintiff's claim that "he has no idea" what in these files constitutes his own work product and/or was identified by written report as deficient is disingenuous. It is his dissatisfaction with exactly these documents and personnel actions that led to the instigation of this lawsuit. Accordingly, Plaintiff's motion is **DENIED IN PART** and Defendant shall not be required to provide a supplemental response to RFP No. 5.

Finally, Plaintiff requests that Defendant provide a supplemental response to RFP No. 10. This request asked for "all documents which constitute, refer or relate to any DVA policy or procedure concerning the issuance of Performance Improvement Plans, including, but not limited to administrative requirements or thresholds required to issue such plans and policies and/or procedures concerning the extension of such plans." (*Plaintiff's Motion*, Ex. 2 at p.4.) In response, Defendant objected on the basis that the request sought a legal conclusion, and without waiving the objection directed Plaintiff to previously produced documents, including specific portions of the VA Directives and the OPM guide. (*Id*., Ex. 6 at p.6.) Plaintiff now contends that other documents responsive to this request may exist and if so, Defendant should produce them. (*Id*. at 8.)

In opposition, Defendant argues that the RFP is overly broad, since the OPM regulates the administration of Performance Improvement Plans. (*Defendant's Opposition*, 10.) Defendant also contends the original response given to RFP No. 10 directing Plaintiff to consult the VA Directives and the OPM Guide is sufficient. (*Id*.) In reply, Plaintiff once again asks that Defendant identify any other documents that are responsive to this RFP. (*Plaintiff's Reply*, 7.) This appears to be Plaintiff's only fault with Defendant's original response to the request. The Court finds that Defendant has provided adequate responses to RFP No. 10 and accordingly, Plaintiff's motion is **DENIED IN PART** and Defendant shall not be required to provide Plaintiff with a supplemental response to RFP No. 10.

///

///

1 | Plaintiff's request for sanctions is **DENIED**.

2 | **IT IS SO ORDERED**.

3 | DATED: October 11, 2007

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge